■ In the Matter of JAMES H. MADOLE, Respondent, v. SMITH BARNES et al., Appellants.— In a proceeding under CPLR, art. 78, *inter alia* to direct appellants to issue a permit for the use of the Court House in the Village of Goshen or the City of Newburgh by the National Renaissance Party for a meeting, the Board of Supervisors of Orange County (and others) appeal from a judgment of the Supreme Court, Orange County, entered January 24, 1966, which (1) declared certain rules and regulations of said board to be unconstitu-

tional (N. Y. State Const., art. I, § 11); and (2) directed the permit to issue upon the filing of a new application by petitioner and his payment of the required fee. Judgment reversed on the law, and application remitted to Special Term for hearing on the questions (a) whether the National Renaissance Party is a political party; and (b) whether expression of its views will immediately and irreparably create injury to the public weal; and for the making of a determination *de novo*. No questions of fact have been considered. On June 14, 1965 the Board of Supervisors of Orange County adopted a rule that the rooms in the County Court Houses, when not used for court purposes, may be used for public meetings of political parties as defined in section 2 of the Election Law (subd. 4) and for public meetings, hearings and other functions called or sponsored by offices of the Federal, State, or County governments. On August 29, 1965 the National Renaissance Party applied for use of the Orange County Court House. The application was denied because the applicant was not a political party as defined in the statute. This article 78 proceeding was instituted to compel respondents to grant permission to use the Court House. In our opinion, the regulation, insofar as it limits use of court rooms to political parties which polled at least 50,000 votes at the last preceding gubernatorial election, is unconstitutionally discriminatory against genuine independent political parties entitled to recognition under the Election Law (cf. Election Law, § 2, subd. 11). However, the petition is not made by the National Renaissance Party, nor does the petition allege that it is a political party. Even if it were, the permit need not be granted if the expression of its views would immediately and irreparably create injury to the public weal (*Matter of Rockwell* v. *Morris*, 12 A D 2d 272, affd. 10 N Y 2d 721, cert. den. 368 U. S. 913). Ughetta, Acting P. J., Hill, Rabin and Benjamin, JJ., concur; Christ, J. concurs in the result only.